# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

KEITH D. BREWER,
ADC #143434                                                                                          PLAINTIFF

V.                             CASE NO. 4:09CV00804 WRW/BD

BRUCE PENNINGTON, *et al.*                                                                      DEFENDANTS

## RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections:**

The following recommended disposition has been sent to United States District Judge William R. Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from receipt of the recommendations. A copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or request for a hearing to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## II.  Introduction:

Plaintiff, an inmate at the Arkansas Department of Correction ("ADC"), brings this action pro se under 42 U.S.C. § 1983 (docket entry #2), along with a motion for leave to proceed *in forma pauperis* (#1).  For the following reasons, this Court recommends that Plaintiff's Complaint (#2) be DISMISSED with prejudice, and that his motion for leave to proceed *in forma pauperis* (#1) be DENIED as moot.  In addition, the Court recommends that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the District Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action would be frivolous and not taken in good faith.

## III.  Background:

Plaintiff alleges that various employees of the Saline County Detention Facility ("SCDF") violated his Due Process and Eighth Amendment rights by placing him in isolation for more that thirty days.  At the time of the event giving rise to the lawsuit, Plaintiff was an ADC inmate housed in the SCDF awaiting placement in an ADC facility. Plaintiff alleges that his initial placement in isolation for psychiatric reasons became punitive over time.  Plaintiff previously filed a similar complaint regarding his confinement.  See *Brewer v. Pennington, et al.*, 4:09CV00228 JTR (E.D. Ark. filed March 25, 2009).

In his previous Complaint, Plaintiff alleged that, while he was confined in the SCDF, Defendants: (1) denied him adequate medical care for an unspecified mental illness; (2) violated his right to equal protection of the laws by refusing to provide him

with adequate care medical care for his mental illness while providing adequate care to inmates/detainees with physical illnesses; and (3) subjected him to inhumane conditions of confinement by keeping him on lock-down status and seizing his blanket, mattress, and sheets. *Brewer v. Pennington, et al.*, 4:09CV00228 JTR (E.D. Ark. filed March 25, 2009).

Plaintiff acknowledges his other lawsuit and states that it involves the "same Defendants, but some different facts." (#2, p. 2)  The only claim raised in the present Complaint that is not part of Plaintiff's other lawsuit is that his confinement violated his right to Due Process.  Accordingly, this Recommended Disposition only addresses Plaintiff's Due Process claim.

IV.     **Discussion**:

    A.     *Standard*

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C § 1915A(b).

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States.  42 U.S.C. § 1983.  The Court must accept the factual allegations in the complaint as true and hold a

plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). Even so, a plaintiff must plead facts with enough specificity so as "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007)(citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id*. at 1968 (citation omitted). Rather, the facts set forth in the complaint must be sufficient to "nudge the[ ] claims across the line from conceivable to plausible." *Id.* at 1974. Even construing the Complaint in this case liberally, it fails to state a claim upon which relief may be granted.

    B.    *Due Process*

To prevail on a due process claim, Plaintiff must demonstrate that he was deprived of life, liberty or property by government action. *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). The only cognizable interest claimed in this case is a liberty interest.

Plaintiff's liberty interest is limited to freedom from restraint which imposes atypical and significant hardship in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 483-486, 115 S.Ct. 2293 (1995). Plaintiff alleges that his placement in isolation for approximately thirty days violated this interest. The Eighth Circuit, however, has consistently held that administrative and disciplinary segregation are not the kind of "atypical and significant" deprivations that create a liberty interest under *Sandin*. See, *e.g.*, *Philllips*, 320 F.3d at 847-848 (holding that thirty-seven days in

isolation for a disciplinary charge that was later dismissed was not an atypical and significant hardship under *Sandin*); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (holding that thirty days in punitive isolation – resulting in the loss of working, mailing, commissary, and telephone privileges – was not an atypical and significant hardship under *Sandin*); *Wycoff v. Nichols*, 94 F.3d 1187, 1189-90 (8th Cir. 1996) (no liberty interest arising where prisoner served forty-five days in administrative segregation before disciplinary decision was reversed); *Hemphill v. Delo*, Case No. 95-3357, 1997 WL 581079 (8th Cir. Sept. 22, 1997) (unpublished decision) (finding that four days of lock-down, thirty days in disciplinary segregation, and 290 days in administrative segregation did not rise to the level of an "atypical and significant hardship" when compared to the burdens of ordinary prison life); *Driscoll v. Youngman*, Case No. 95-4037, 1997 WL 581072 (8th Cir. Sept. 22, 1997) (unpublished decision) (finding that 135 days in disciplinary and administrative segregation without "meaningful exercise, natural light or adequate time in the library" was not an atypical and significant hardship). Accordingly, Plaintiff has failed to state a due process claim.

## V.     Conclusion:

The Court recommends that Plaintiff's Complaint (#2) be DISMISSED WITH PREJUDICE, and that his motion for leave to proceed *in forma pauperis* (#1) be DENIED as moot. In addition, the Court recommends that the dismissal count as a

"strike" for purposes of 28 U.S.C. § 1915(g), and that the District Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action would be frivolous and not taken in good faith.

DATED this 30th day of October, 2009.

_____
UNITED STATES MAGISTRATE JUDGE